**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000281
07-AUG-2023
07:51 AM
Dkt. 58 SO**

NO. CAAP-22-0000281

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WAYNE L. DELLACQUA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NOS. 2DTA-20-00926 and 2DTC-21-001262)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Wayne L. Dellacqua (**Dellacqua**)
appeals from the District Court of the Second Circuit, Wailuku
Division's April 8, 2022 judgments and notice of entry of
judgments entered in two cases, 2DTA-20-00926 (**OVUII Case**) and
2DTC-21-001262 (**Licensing Case**).[1] In the OVUII Case, the
district court convicted Dellacqua of Operating a Vehicle Under

---

[1] The Honorable Blaine J. Kobayashi presided.

the Influence of an Intoxicant (**OVUII**), pursuant to Hawaii

Revised Statutes (**HRS**) § 291E-61(a)(1) (2020).[2]  In the Licensing

Case, the district court convicted Dellacqua of (1) Licensing,

pursuant to HRS § 286-102 (2020);[3] (2) Driving While License

Suspended or Revoked, pursuant to HRS § 286-132 (2020);[4] and

(3) Operating a Vehicle After License and Privilege Have Been

Suspended or Revoked for OVUII, pursuant to HRS § 291E-62 (2020)[5]

(collectively, **Licensing Offenses**).[6]

---

[2]  HRS § 291E-61(a)(1) provides:

> (a) A person commits the offense of operating a vehicle
> under the influence of an intoxicant if the person operates
> or assumes actual physical control of the vehicle:
>
> > (1)   While under the influence of alcohol in an
> > amount sufficient to impair the person's normal
> > mental faculties or ability to care for the
> > person and guard against casualty[.]

[3]  HRS § 286-102(a) provides in relevant part that "[n]o person . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles."

[4]  HRS § 286-132 provides:

> Except as provided in section 291E-62, no resident or
> nonresident whose driver's license, right, or privilege to
> operate a motor vehicle in this State has been canceled,
> suspended, or revoked may drive any motor vehicle upon the
> highways of this State while the license, right, or
> privilege remains canceled, suspended, or revoked.

[5]  HRS § 291E-62(a) provides in relevant part that "[n]o person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section . . . shall operate or assume actual physical control of any vehicle . . . [w]hile the person's license or privilege to operate a vehicle remains suspended or revoked[.]"

[6]  The district court also convicted Dellacqua of Conditions of Operation and Registration of Motor Vehicles, under HRS § 431:10C-104(a) (2019), requiring motor vehicle insurance.  Dellacqua does not challenge this conviction.

On appeal, Dellacqua contends the district court plainly erred by (1) convicting him of all three Licensing Offenses as these offenses merged, and (2) permitting Maui Police Department (**MPD**) Officer Jun Hattori (**Officer Hattori**) to testify as an expert, without which there would be insufficient evidence to convict him of OVUII. Dellacqua requests that we vacate two of the licensing convictions in the Licensing Case and reverse the OVUII conviction in the OVUII Case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Dellacqua's points of error as discussed below, and affirm in part and vacate in part.

**(1) The district court plainly erred by convicting Dellacqua of all three Licensing Offenses.**

Though Dellacqua did not challenge his convictions for all three Licensing Offenses below, where there is a reasonable possibility Dellacqua was convicted of all three Licensing Offenses based on the "same conduct" under HRS § 701-109(1)(e) (2014), plain error review is appropriate. See State v. Frisbee, 114 Hawai'i 76, 84, 156 P.3d 1182, 1190 (2007) (recognizing plain error occurred where trial court's omission of jury instruction on merger "contravened HRS § 701-109(1)(e) and was not harmless beyond a reasonable doubt").

3

HRS § 701-109(1)(e) provides:

> When the <u>same conduct</u> of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e)    The offense is defined as a <u>continuing course of conduct and the defendant's course of conduct was uninterrupted</u>, unless the law provides that specific periods of conduct constitute separate offenses.

(Emphases added.) Here, the conduct of all three Licensing Offenses was driving or operating a vehicle. <u>See</u> HRS §§ 286-102, 286-132, 291E-62. We must then consider whether this conduct (driving or operating a vehicle) was continuous and uninterrupted. <u>See</u> HRS § 701-109(1)(e).

MPD Officer Zachary Kamaka (**Officer Kamaka**) testified that, on April 5, 2021, he observed Dellacqua turning right from Central Avenue to Main Street, without using a turn signal. Officer Kamaka then followed Dellacqua, and observed him turning left from Main Street to Church Street, again without using a turn signal. At that point, Officer Kamaka stopped Dellacqua.

Based on Officer Kamaka's testimony, Dellacqua's conduct of driving the car was continuous until Officer Kamaka stopped him. <u>See</u> <u>State v. Lavoie</u>, 145 Hawaiʻi 409, 431, 453 P.3d 229, 251 (2019) (setting forth the test for continuous course of conduct). There was no evidence presented to show that Dellacqua's driving was interrupted or that Dellacqua had

4

separate and distinct intentions to commit three separate Licensing Offenses.  State v. Matias, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003) ("Where there is one intention, one general impulse, and one plan, there is but one offense.") (citation omitted).

Moreover, the plain language of the charged Licensing Offenses do not "provide[] that specific periods of conduct constitute separate offenses."  HRS § 701-109(1)(e).  Although it was permissible to charge Dellacqua with the Licensing Offenses, it was not permissible to convict him of more than one offense if "[t]he offense [was] defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted."  See HRS § 701-109(1)(e).

**(2)  Dellacqua's challenge to the admission of evidence was waived.**

As Dellacqua acknowledges, he did not object to Officer Hattori's testimony and, thus, waived this point of error.  See HRS § 641-16 (2016) ("[e]xcept as otherwise provided by the rules of court, there shall be no reversal for any alleged error in the admission or rejection of evidence . . . unless such alleged error was made the subject of an objection noted at the time it was committed or brought to the attention

of the court in another appropriate manner"); Hawaiʻi Rules of Evidence Rule 103 ("[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection"); State v. Boyer, 153 Hawaiʻi 238, 530 P.3d 430, No. CAAP-21-0000333, 2023 WL 3916181 at *8 (App. June 9, 2023) (SDO) (holding that challenge to testimony regarding HGN test was waived where defendant did not object).

Based on the foregoing, we affirm the district court's April 8, 2022 judgment and notice of entry of judgment entered in the OVUII Case.  We vacate the district court's April 8, 2022 judgment and notice of entry of judgment entered in the Licensing Case, and remand the Licensing Case to the district court for the State to elect whether (1) it will dismiss two of the licensing convictions, or (2) retry Dellacqua.  See State v. Padilla, 114 Hawaiʻi 507, 517-18, 164 P.3d 765, 775-76 (App. 2007).

If the State chooses to dismiss two of the licensing convictions, the district court shall enter an Amended Judgment that reinstates the non-dismissed licensing conviction, as well as the unchallenged Conditions of Operation and Registration of

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Motor Vehicles conviction, and reflects the dismissal with prejudice of two of the licensing convictions.

DATED:  Honolulu, Hawai'i, August 7, 2023.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge